IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **CASE NO. 1:16MJ2009** |
| | ) | |
| Plaintiff, | ) | **Magistrate Judge Kenneth S. McHargh** |
| | ) | |
| vs. | ) | **NOTICE OF REQUEST FOR** |
| | ) | **DISCOVERY BY DEFENDANT** |
| RYAN GASTON | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW** Defendant, Ryan Gaston, by and through undersigned counsel, and hereby gives notice that a request for discovery was served upon Plaintiff, **United States of America,** by electronic filing system, on February 22 2016, by letter directed to Acting United States Attorney, **Carole S. Rendon.**

Respectfully submitted,

/sRussell W. Tye
RUSSELL W. TYE (0067238)
75 Public Square, Suite 730
Cleveland, Ohio 44113
(216) 622-7853/Fax (216) 622-1853
russelltyelaw1@yahoo.com
Attorney for Defendant
Ryan Gaston

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22 2016, the foregoing ***Notice of Request for Discovery by Defendant*** was filed by electronic means pursuant to F.R.C.P. 5(b)(2)(D). Notice of this filing will be sent to all counsel indicated on the electronic receipt by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/sRussell W. Tye
RUSSELL W. TYE (0067238)
Attorney for Defendant
Ryan Gaston

February 22, 2016

Carole S. Rendon
Acting United States Attorney
Office of the United States Attorney
Carl B. Stokes US Court House
801 West Superior Avenue
Cleveland, OH 44113

Re: United States vs. Ryan Gaston
Case No. 1:16-MJ-2009

Dear Carole S. Rendon:

Through this letter, I hereby request that you send or make available to my office, all discovery in the above-captioned case. This request encompasses all information discoverable pursuant to Rule 16 of the Federal Rules of Criminal Procedure (hereinafter "F.R.C.P."). Specifically, this request includes, but is not limited to:

A. F.R.C.P. 16

1. Statements of the Defendant

Written or recorded statements. Any and all written or recorded statements made by the defendant (or copies thereof) within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known. As well as that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent regardless of whether the government intends to use same at trial.

Oral statements. The substance of any and all oral statements made by the defendant whether before or after interrogation by any person then known by the defendant to be a government agent that the government intends to use at trial regardless of whether the statement is recorded. See Rule 16(a)(1)(A). This request also includes the substance of the defendant's response to Miranda warnings.

See United States v. McElroy, 697 F.2d 459, 465 (2nd Cir. 1982). (Reversal of defendant's conviction where the government failed to inform the defense that the defendant invoked his rights).

This request would include an agent's summary of the defendant's statement in a report and/or rough notes if they include the defendant's statement. See United States v. Johnson, 525 F.2d 999 (2nd Cir.) cert. denied, 424 U.S. 920 (1976). This request is not limited to statements which the government intends to introduce at trial, but rather, any statement the government intends to use at trial including as impeachment.

2. Defendant's Prior Record

A copy of the defendant's prior criminal record within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to your office. This request would include the defendant's entire criminal record, including all offenses regardless of the severity, known to the government or which by the exercise of due diligence may become known to the government. See Rule 16(a)(1)(B). This request would include discovery of all matters known to the government, or that may become known with due diligence, that may affect the defendant's criminal history score pursuant to U.S.S.G. Chapter 4.

3. Documents and Tangible Objects

The inspection, copying, or photographing of books, papers, documents, tangible objects, buildings or places or copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at trial, or were obtained from or belong to the defendant. See Rule 16(a)(1)(C).

4. Reports of Examinations and Tests

Any and all results or reports of physical examinations and of scientific tests or experiments or copies thereof, which are within the possession, custody, or control of the government or by the existence of due diligence may become known to yourself, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial. See Rule 16(a)(1)(D). This request entitles the defendant to production of the results of tests such as fingerprinting, handwriting, and/or drug analysis or any psychiatric examinations of the defendant or any government witness.

5. Expert Witness Summary

A written summary of the testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witness's opinions, the bases and the reasons therefore, and the witness's qualifications pursuant to Rule 16(a)(1)(E).

6. F.R.C.P. 12 (d)(2)

Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, I hereby request notice of which evidence the government intends to use in its case-in-chief.

PLEASE KEEP IN MIND THAT NO MATERIAL SUBJECT TO DISCOVERY UNDER RULE 16 SHOULD BE FORWARDED TO THE JUDGE IN THIS CASE EXCEPT UNDER SEAL, UNLESS THE JUDGE ORDERS OTHERWISE. SEE RULE 3:5:1 LOCAL RULES OF THE UNITED STATES DISTRICT COURT.

7. Brady v. Maryland

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), I hereby request that I be provided with any exculpatory material which exists in this case relating to guilt and/or punishment. Should there be a question with regard to whether certain information constitutes Brady material, the information should be

presented to the Court for view in camera to determine whether it should be produced.

8. Jencks

Pursuant to F.R.C.P. 26.2, I would request pretrial production of Jencks material. If pretrial Jencks is produced by the government, the defendant is willing to reciprocate in kind.

9. 404(b)

Please provide me with notice of any evidence which you intend to introduce pursuant to Federal Rule of Evidence 404(b).

10. Miscellaneous

Please advise all investigating officers in this case that they should not initiate any contact with my client, and that any communication intended for my client be made through me. All government agents should be further directed to preserve all of their rough notes.

Please send the above-requested discovery to me as soon as possible, and/or notify me if other arrangements need to be made. With respect to the inspection of physical evidence, please let me know when such evidence is available so that I may make arrangements to inspect it. This discovery request is a continuing request. See rule 16(C). Please notify me immediately as additional material becomes available.

If you have any questions regarding the nature of this request, please do not hesitate to contact me. I look forward to your response.

Very truly yours,

/s/Russell W. Tye
RUSSELL W. TYE

**EXHIBIT A**

February 22, 2016

Carole S. Rendon
Acting United States Attorney
Office of the United States Attorney
Carl B. Stokes US Court House
801 West Superior Avenue
Cleveland, OH 44113

Re: United States vs. Ryan Gaston
Case No. 1:16-MJ-2009

Dear Carole S. Rendon:

To ensure protection of Ryan Gaston's right to due process of law and effective assistance of counsel in accordance with the United States Constitution, I am seeking to provide my client with a basis upon which to make informed and intelligent decisions regarding the possible or probably consequences of pleading guilty or requesting a trial in the above-captioned case. See: United States v. Cronic, 466 U.S. 648 (1984); Santobello v. New York, 404 U.S. 257 (1971); McMahon v. Richardson, 397 U.S. 759 (1970); Avery v. Alabama, 308 U.S. 444 (1940); Scott v. Wainwright, 698 F.2d 427 (11th Cir. 1983); Mason v. Balcom, 531 F.2d 717 (5th Cir. 1976). For these reasons, and pursuant to Title 18 U.S.C. § 3551, et seq., Title 28 U.S.C. § 991, et seq., and United States Sentencing Commission guidelines, I request that you promptly advise me of any facts and circumstances presently known to the government or reasonably discoverable, which would be germane to sentencing-related issues under the guidelines, or to calculation of the applicable sentencing guideline range, should the defendant be convicted of any one or more of the charges set forth in the instant indictment.

More specifically, I am requesting that as soon as possible you provide me with the following information with its documentary support:

1. What guideline does the government contend is applicable to this case?

2. What aggravated offense characteristic(s), if any, does the government contend are applicable to this case?

3. What adjustments, if any, does the government contend are applicable to this case?

4. Upon what grounds, if any, will the government be seeking a departure from the guidelines in this case?

5. With regard to the defendant's prior criminal record, if any, what is the date, location, and court docket number of each conviction upon which the government will rely to aggravate the defendant's sentence; and what criminal history category does the government contend is applicable to this case?

Please also forward to me any other information which would bear upon an understanding or computation of the following sentencing and guideline factors: base offense levels, specific offense characteristics, relevant conduct, adjustments, criminal history, offender characteristics, plea agreements, departures, probation and supervised release.

These requests are of a continuing nature which presume that you will keep me immediately advised of any further information that comes to your attention which might in any way alter or modify your response to the inquiries set forth above.

If I may be of service with regard to this matter, please feel free to contact me.

Very truly yours,

/s/Russell W. Tye
RUSSELL W. TYE